**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Tanya MANN, Defendant-Appellant.**

**No. 86–3076.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1986.

Decided Feb. 25, 1987.

**496**

Sally R. Gustafson, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Terrence Kelogg, Seattle, Wash., for defendant-appellant.

Before SKOPIL, FLETCHER and POOLE, Circuit Judges.

SKOPIL, Circuit Judge:

Defendant-appellant Tanya Mann ("Mann") was found guilty of aiding and abetting another to knowingly, with intent to defraud, have possession of "device-making equipment" in a manner affecting interstate commerce. *See* 18 U.S.C. § 1029(a)(4) (Supp. III 1985) (underlying crime) and 18 U.S.C. § 2 (1982) (aiding and abetting). On appeal Mann contends that the district court erred by (1) failing to instruct the jury that to convict her of aiding and abetting, it must first find that a principal committed the underlying crime; and (2) instructing the jury that only a potential impact on interstate commerce rather than proof of actual effect on interstate commerce was required. We agree with the first contention and therefore do not reach the second. We reverse Mann's conviction.

## FACTS AND PROCEEDINGS BELOW

Mann, another co-defendant, Denise Danzie, and the alleged principal, Steven Fazil, attempted in the early morning of November 26, 1985 to steal from a hospital a machine which embosses plastic cards, allegedly for the purpose of creating false credit cards. They were literally caught in the act. Security officers observed the three in the hospital parking lot and saw Fazil and Mann enter the hospital. Mann, dressed as a nurse, had false identification. Fazil managed to gain possession of the machine, but he was immediately stopped by security when he exited the hospital. After surrendering the machine, Fazil attempted to flee in a car driven by co-defendant Danzie. Both were promptly apprehended. Meanwhile Mann left the hospital on foot and was apprehended a few blocks away.

Mann and Danzie were charged with aiding and abetting Fazil's crime of knowingly, with intent to defraud, possessing "device-making equipment" in a manner affecting interstate commerce in violation of 18 U.S.C. § 1029(a)(4). Fazil pleaded guilty to conspiracy pursuant to 18 U.S.C. § 1029(b)(2).

At trial the evidence showed that Danzie had previously engaged in fraudulent credit card transactions. Fazil, a close friend of Mann's, was introduced to Danzie just hours before the attempted theft of the machine. Fazil's testimony indicated generally that he was hired to "sneak steal." That is, he was to steal the machine in return for payment of money.

Mann argued below that the government failed to prove Fazil had the requisite intent to defraud. Mann's proffered jury instruction on that theory was rejected by the district court. A motion for judgment of acquittal was denied. The district court reasoned that sufficient evidence had been presented to allow the jury to find "quite easily that Mr. Fazil did have an intent to defraud, along with everyone else."

## DISCUSSION

■ The court's failure to give jury instructions regarding the defendant's theory of the case is reversible per se if the theory is legally sound and is supported by the evidence. *United States v. Escobar De Bright*, 742 F.2d 1196, 1201 (9th Cir.1984). Whether a jury instruction misstates ele-

ments of a statutory crime is a question of law subject to *de novo* review. *United States v. Douglass,* 780 F.2d 1472, 1475 (9th Cir.1986).

Mann argues that the district court erred by not instructing the jury to determine whether Fazil had the requisite intent to defraud as required by 18 U.S.C. § 1029(a)(4). Fazil's intent is important because an alleged aider and abettor cannot be convicted unless there is proof beyond a reasonable doubt that the underlying offense was committed. *E.g., United States v. Osorio Estrada,* 751 F.2d 128, 132 (2d Cir.1984), *amended on other grounds,* 757 F.2d 27 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 97, 88 L.Ed.2d 79 (1985).

▄ The aiding and abetting statute, 18 U.S.C. § 2, does not establish a separate crime, but rather is an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense. *United States v. Martin,* 747 F.2d 1404, 1407 (11th Cir. 1984). A jury may find a person guilty of aiding and abetting even though he or she did not commit all the acts constituting the elements of the substantive crime charged. *Id.* Nonetheless, as an element of the offense of aiding and abetting, the government must prove that someone committed the underlying crime. *See United States v. Raper,* 676 F.2d 841, 849 (D.C.Cir.1982) (listing elements); *United States v. Hurd,* 642 F.2d 1179, 1183 (9th Cir.1981) (aiding and abetting conviction reversed when it was shown that government failed to prove that principal committed the underlying crime); *United States v. McCoy,* 539 F.2d 1050, 1064 (5th Cir.1976) (existence of crime is an element of the offense of aiding and abetting), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977). It is not a prerequisite to a conviction for aiding and abetting, however, that the principal be tried and convicted, or even that the principal be identified. *United States v. Barnett,* 667 F.2d 835, 841 (9th Cir.1982) (citing *United States v. Provenzano,* 334 F.2d

678, 691 (3d Cir.), *cert. denied,* 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544 (1964)); *see also United States v. Valenzuela,* 596 F.2d 1361, 1363 n. 2 (9th Cir.) (one can aid and abet an unindicted principal), *cert. denied,* 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979). In fact, an aider and abettor's conviction may be upheld even though the principal is acquitted of the underlying offense. *See Standefer v. United States,* 447 U.S. 10, 20, 100 S.Ct. 1999, 2006, 64 L.Ed.2d 689 (1980); *United States v. Bryan,* 483 F.2d 88, 92–94 (3d Cir.1973) *(en banc); United States v. Azadian,* 436 F.2d 81, 82–83 (9th Cir.1971). In such cases, however, it is clear that although the principal was not convicted, the underlying offense was committed. *See Standefer,* 447 U.S. at 13 n. 6, 100 S.Ct. at 2002 n. 6; *Bryan,* 483 F.2d at 93; *Azadian,* 436 F.2d at 82.

▄ Here, the jury was never given the opportunity to determine whether the underlying offense was committed. The district court instructed the jury that the government's burden was to prove that defendants with the requisite intent "did aid, abet, counsel, command, induce, or procure Steven Mohamed Fazil to have control, custody of, or possession of device-making equipment." Mann took timely exception to the instruction, arguing that it allowed the jury to find her guilty without requiring the government to prove that one person committed all of the acts constituting the underlying offense. We agree that the instruction improperly allowed the jury to convict Mann without first determining that the principal had the essential criminal intent. *See United States v. Tashjian,* 660 F.2d 829, 842 (1st Cir.) (reversing aiding and abetting convictions for government's failure to prove principal's requisite intent), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 681, 70 L.Ed.2d 646 (1981).

The government's reliance on *United States v. Jones,* 425 F.2d 1048, 1056–57 (9th Cir.), *cert. denied,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970) is misplaced. There,

the defendant contended that the jury instructions did not adequately require the jury to find first that a principal committed the crime before it could convict for aiding and abetting. We rejected that contention because the instructions were not challenged below and the instructions, although not explicit, required the jury to find that "someone" committed the underlying violation. *Id.; see also United States v. Rosa,* 705 F.2d 1375, 1380–81 (1st Cir.1983) (instructions upheld when not challenged below and when they implicitly required the jury to find first that the underlying offense was committed). Unlike *Jones* and *Rosa,* here there was a timely exception to the court's instructions. Further, the court's instruction did not even implicitly require the jury to determine Fazil's criminal intent. It required only that the jury find that Fazil had "control, custody of, or possession of device-making equipment." While Fazil's activity may constitute some offense, without the additional element of intent to defraud he cannot be said to have violated section 1029(a)(4).

Finally, we are unable to conclude that the court's error is cured by the remaining instructions read and viewed as a whole. *See Hurd,* 642 F.2d at 1181–82 (not error for the court to refuse a proposed instruction so long as the instructions given, viewed in their entirety, encompass defense theory). The court did instruct the jury that it "may not find any defendant guilty unless [it] find[s] beyond a reasonable doubt that every element of the offense as defined by these instructions was committed by some person or persons." Missing from the court's instruction of the elements of the crime, however, was the requirement that Fazil have the requisite intent to defraud. Without a determination that the underlying crime was committed, the aiding and abetting conviction must be reversed. *Osorio Estrada,* 751 F.2d at 132–33; *Martin,* 747 F.2d at 1408; *Tashjian,* 660 F.2d at 842; *Hurd,* 642 F.2d at 1183.

REVERSED.