947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodrigo ESPINOZA-SANCHEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ismael GONZALES-ESPINOZA, Defendant-Appellant.
 Nos. 89-30052 and 89-30070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 4, 1991.
 
 Before FLETCHER, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Rodrigo Espinoza-Sanchez and Ismael Gonzales-Espinoza appeal their convictions following jury trial for conspiracy to distribute heroin and possession and aiding and abetting possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 18 U.S.C. § 2. Espinoza-Sanchez and Gonzales-Espinoza contend the district court violated their sixth amendment right to confront witnesses against them by limiting the extent of cross-examination of the government's key witness. In addition, Espinoza-Sanchez and Gonzales-Espinoza contend the district court erred by failing to properly instruct the jury as to all elements of the crime of conspiracy. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Limitation on Cross-Examination
 
 3
 Following argument on the government's motion in limine, the district court excluded evidence of five prior convictions of Dennis Brockman, the government's key witness, under Fed.R.Evid. 609(b).[1] Espinoza-Sanchez and Gonzales-Espinoza contend the district court abused its discretion by failing to allow them to cross-examine Brockman as to these prior convictions. They argue that the district court's limitation of defense cross-examination of Brockman regarding these prior convictions violated the confrontation clause of the sixth amendment to the Constitution.
 
 
 4
 "A trial court's limitation on the scope of cross-examination and its evidentiary rulings are reviewed for an abuse of discretion." United States v. Whitworth, 856 F.2d 1268, 1283 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989). A defendant's constitutional right to cross-examine a witness is limited to relevant trial issues. United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987). The right to cross-examine is particularly important when a key government witness's testimony is at issue. Whitworth, 856 F.2d at 1284; See also United States v. Lopez, 885 F.2d 1428, 1438 (9th Cir.1989) (no abuse of discretion where district court refused to allow cross-examination regarding polygraph test taken by key witness), cert. denied, 110 S.Ct. 748 (1990). "The trial court does not abuse its discretion [in restricting the extent of cross-examination] as long as the jury receives sufficient information to appraise the biases and motivations of the witness." Feldman, 788 F.2d at 554; see also United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988) ("once cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation demands are satisfied"), cert. denied, 488 U.S. 1016 (1989).
 
 
 5
 Here, although the defense was not allowed cross-examination on five of Brockman's prior convictions that were within the scope of Rule 609(b), the district court did permit cross-examination on a prior heroin conviction that was more than ten years old.[2] At trial, the government brought out the fact that Brockman was convicted of second degree burglary in 1981 and theft in 1982, and was released from confinement in 1984. During extensive cross-examination of Brockman, Espinoza-Sanchez and Gonzales-Espinoza brought out more than ample evidence of Brockman's potential for bias and his motives for testifying.
 
 
 6
 Brockman admitted that he had been a heroin addict for over 30 years, had used heroin while in prison, had violated the terms of his parole by continuing to use and sell heroin after his release from prison in 1984, and had supported himself partly through the sale of heroin. Brockman also testified on cross-examination that when "desperate," he would do "just about anything to get a fix," including lie and steal. In addition, Brockman admitted that the Drug Enforcement Agency had paid him approximately $1,750 for his services as an informant in this case. This is merely a sampling of some of Brockman's testimony during cross-examination regarding his motivations for giving biased testimony and is by no means as exhaustive as the testimony elicited by the defendants.
 
 
 7
 In this case, "the jury was given ample opportunity to despite [Brockman] and discredit his testimony." See Whitworth, 856 F.2d at 1284. Therefore, the district court did not abuse its discretion by limiting cross-examination regarding Brockman's prior convictions that were more than ten years old. See id.; Feldman, 788 F.2d at 554.[3]
 
 II. Jury Instruction
 
 8
 Espinoza-Sanchez and Gonzales-Espinoza contend the district court erred by failing to instruct the jury that proof of an overt act is necessary to convict him of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Gonzales-Espinoza proposed a jury instruction that included, as an essential element of the conspiracy, commission of an overt act. The district court declined to give the instruction and Gonzales-Espinoza objected to the court's decision. The district court instructed the jury that conspiracy required proof beyond a reasonable doubt "that this defendant joined the conspiracy and did so knowing of the unlawful plan and intending to help carry it out."
 
 
 9
 We review de novo whether the district court's instructions to the jury misstated the elements of a statutory crime. United States v. Mann, 811 F.2d 495, 496-97 (9th Cir.1987). Proof of a violation of conspiracy under 21 U.S.C. § 846 requires: " '(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.' " United States v. Medina, 940 F.2d 1247, 1250 (9th Cir.1991) (quoting United States v. Meyers, 847 F.2d 1408, 1412-13 (9th Cir.1988)). "It is the duty of the district court to instruct the jury on all the essential elements of the crime charged." United States v. Combs, 762 F.2d 1343, 1346 (9th Cir.1985). Because the district court did not instruct the jury that proof of an overt act was required for a violation of 21 U.S.C. § 846, the district court did not instruct the jury as to all the essential elements of conspiracy. See Medina, 940 F.2d at 1250. Therefore, the district court erred when it overruled Gonzales-Espinoza's objection to the conspiracy instruction. See Mann, 811 F.2d at 498.
 
 
 10
 Nevertheless, we will reverse a jury verdict when there is error in the jury instructions only "if there is a reasonable possibility that [the] error materially affected the verdict." United States v. Herbert, 698 F.2d 981, 986 (9th Cir.), cert. denied, 464 U.S. 821 (1983). Here, there is no reasonable possibility that the district court's error in giving the improper jury instruction materially affected the verdict. In addition to his conspiracy conviction in count one of the indictment, the jury also found Gonzales-Espinoza guilty beyond a reasonable doubt in count two, which charged him with possession, and aiding and abetting possession with intent to distribute heroin in furtherance of the conspiracy. The jury was instructed to consider each count separately. Thus, the court's failure to give a conspiracy instruction that required an overt act as an element to prove conspiracy did not materially affect the verdict because the jury found beyond a reasonable doubt that an overt act had been committed in furtherance of the conspiracy. See id. at 987.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Evidence of convictions for which the date of release or conviction is more than ten years old are inadmissible unless the "court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b). Despite Espinoza-Sanchez's claim to the contrary, we have previously held that "the 10-year time limitation of Rule 609(b) applies to government as well as to defense witnesses." See United States v. Cook, 608 F.2d 1175, 1182 (9th Cir.1979) (en banc), cert. denied, 444 U.S. 1034 (1980), overruled on other grounds, Luce v. United States, 469 U.S. 38, 40 n. 3 (1984)
 
 
 [2]
 The five prior convictions about which Espinoza-Sanchez and Gonzales-Espinoza were denied the opportunity to cross-examine Brockman were: (1) attempted petty larceny in 1959; (2) grand larceny by checks in 1965; (3) burglary in 1969; (4) possession of narcotics in 1969; and (5) burglary in the second degree in 1971
 
 
 [3]
 Espinoza-Sanchez also argues the district court erred by limiting cross-examination of Brockman on the issues of his previous experience as a confidential informant and government witness, the monetary benefit received for his activities as an informant on prior occasions, the locations of his other heroin dealing activities, and his commission of other felonies over the approximately 30 year period during which he was addicted to heroin. This contention lacks merit for the reasons mentioned above; the jury was provided with more than ample evidence of Brockman's bias and motivation for testifying. See Whitworth, 856 F.2d at 1284; Feldman, 788 F.2d at 554