12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose AMADOR-GALVAN, aka Jose Amador Pullido-Villareal,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo MOLINA, Jr., Defendant-Appellant.
 Nos. 92-10325, 93-10595 and 92-10715.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Nov. 22, 1993.
 
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Amador-Galvan and Rodolfo Molina were convicted of conspiracy to possess with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. Sec. 846, and possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(ii)(II).
 
 
 3
 Amador-Galvan seeks review of the district court's refusal to sever his trial from that of codefendant Molina's. Molina seeks review of the district court's admission of physical evidence obtained from his residence pursuant to a search warrant; admission of Molina's statements describing the driver of the Ford LTD; refusal to instruct the jury on the "overt act" requirement for conspiracy; and denial of Molina's motions for judgment of acquittal and new trial.
 
 
 4
 In addition, Amador-Galvan and Molina jointly seek review of the district court's refusal to disclose the identities of non-witness confidential informants; admission of Campos' pretrial photo identification of Amador-Galvan; and exclusion of expert witness testimony on the unreliability of eyewitness testimony.
 
 
 5
 This memorandum disposition affirms the district court's rulings in all the above contested issues except for the district court's refusal to disclose the identities of non-witness confidential informants and exclusion of expert witness testimony on the unreliability of eyewitness testimony. We address those two issues in a separate opinion.
 
 I. Amador-Galvan's Severance Motion
 
 6
 Amador-Galvan contends that the district court erred in denying his motion for severance. We review motions to sever for abuse of discretion. United States v. Mariscal, 939 F.2d 884, 885 (9th Cir.1991).
 
 
 7
 Amador-Galvan has the burden of proving clear, manifest, or undue prejudice from the joint trial. United States v. Sitton, 968 F.2d 947, 961 (9th Cir.1992).
 
 
 8
 The district court has broad discretion in balancing the weight, credibility and degree of exculpatoriness of the proposed testimony against concerns for judicial economy. Here, Molina's proposed evidence would have been at least partly cumulative, because the district court already admitted codefendant Molina's amended written statement describing the driver of the vehicle as being someone other than Amador-Galvan. Thus, the district court did not exceed its discretion in finding that Amador-Galvan would not be unduly prejudiced by a joint trial with codefendant Molina, and in denying Amador-Galvan's motion for severance.
 
 
 9
 II. Molina's Motion to Suppress Physical Evidence
 
 
 10
 Defendant Molina contends that the district court erred in denying his motion to suppress physical evidence obtained through a warrant search of his residence. He argues that the warrant was not supported by probable cause that his home contained evidence of his involvement in illegal drug activity, and thus the search was invalid.
 
 
 11
 We will reverse the magistrate's determination of probable cause only if that determination is "clearly erroneous." United States v. Garza, 980 F.2d 546, 550 (9th Cir.1992); United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990).
 
 
 12
 A. Probable Cause as to Location of the Evidence Sought
 
 
 13
 Defendant Molina contends that the affidavit in support of the search warrant lacked probable cause under Illinois v. Gates because it "completely failed to support a belief that the property sought would be found in Molina's home."
 
 
 14
 "[A] magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986). "In the case of drug dealers, evidence is likely to be found where the dealers live." Id.; United States v. Valenzuela, 596 F.2d 824, 829 (9th Cir.1979).
 
 
 15
 The affidavit in the instant case set forth information similar to both United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), and United States v. Spearman, 532 F.2d 132, 133 (9th Cir.1976), in which this court held that the affidavits sufficiently supported the search warrant based on the above criteria.
 
 
 16
 The facts set forth in the affidavit indicate that Woodworth had sufficient experience to offer his professional opinion as to the likely places inculpatory evidence would be found. Furthermore, the observations made on April 27, 1988 were sufficient to provide the magistrate with a "substantial basis" for finding that probable cause existed. Thus, the magistrate did not err in relying on Mr. Woodworth's affidavit in finding probable cause existed to support a search warrant of defendant Molina's residence.
 
 B. Staleness
 
 17
 Defendant Molina also contends that information presented in the affidavit, regarding his activities with his two brothers-in-law on January 20, 1988, was stale with regard to the search warrant issued on May 9, 1988 and executed the next day, on May 10, 1988.
 
 
 18
 A search warrant is not stale where "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." United States v. Gann, 732 F.2d 714, 722 (9th Cir.1984).
 
 
 19
 The warrant to search defendant Molina's residence was based on information that Molina was involved in suspicious activity three-and-a-half months earlier. Based on facts indicating Molina's alleged drug trafficking and money laundering on January 22, 1988, his observed behavior on April 27, 1988, the nature of the suspected criminal activity, and the type of evidence sought, the magistrate could reasonably find that probable cause continued to exist. The search warrant was not improperly granted.
 
 III. Molina's Motion to Suppress Statements
 
 20
 Defendant Molina contends that the district court erred in denying his motion to suppress statements he made describing the driver of the Ford LTD because his statement was an "involuntary confession," and thus should have been excluded pursuant to Miranda. 384 U.S. 436 (1965).
 
 
 21
 Molina's statement was not a "confession" and was properly admitted. "[T]he term 'confession' means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing." 18 U.S.C. Sec. 3501(e). Molina's statement was not an admission of guilt or a confession to the crime. Furthermore, he did not admit that he committed any act which would constitute an element of the crime. He merely gave a description of the driver which contradicted the description given by Customs Inspector Campos. Neither voluntariness nor Miranda analysis apply in this case.
 
 
 22
 IV. Molina's Request for Jury instructions on Overt Action
 
 Requirement for a Conspiracy Conviction
 
 23
 Defendant Molina contends that the district court committed reversible error by refusing to instruct the jury that a conspiracy conviction under 21 U.S.C. Sec. 846 requires proof of an overt act. The government concedes that the district court did not instruct the jury on the "overt act" requirement, but contends that this refusal constitutes harmless error.
 
 
 24
 We review de novo whether the district court's instructions to the jury misstated the elements of a statutory crime, where, as here, the moving party raised an appropriate objection in prior proceedings. United States v. Garza, 980 F.2d 546, 554 (9th Cir.1992); United States v. Terry, 911 F.2d 272, 278-79 (9th Cir.1990); United States v. Mann, 811 F.2d 495, 496-97 (9th Cir.1987).
 
 
 25
 "When the predicate facts relied upon in the instruction, or other facts necessarily found by the jury, are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is functionally equivalent to finding the element required to be presumed." United States v. Garza, 980 F.2d 546, 554 (9th Cir.1992) (alteration in original).
 
 
 26
 Similar to the defendant in Garza, the jury in the instant case found defendant Molina guilty beyond a reasonable doubt of the substantive offense, here, of possessing cocaine with intent to distribute.
 
 
 27
 Thus, the district court's failure to instruct the jury that a conspiracy conviction requires proof of an overt act was harmless beyond a reasonable doubt.
 
 
 28
 V. Molina's Motion for Judgment of Acquittal
 
 
 29
 Defendant Molina argues that because there was insufficient credible evidence upon which a jury could reasonably find him guilty beyond a reasonable doubt, the district court erroneously denied his Rule 29 Motion for Judgment of Acquittal.
 
 
 30
 We review the record to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," viewing the evidence in the light most favorable to the prosecution. United States v. Roston, 986 F.2d 1287 (9th Cir.1993); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979). We find that a rational juror could have inferred from the evidence presented that: (1) Amador-Galvan was the driver of the Ford LTD; (2) Molina intentionally allowed him to pass through the border checkpoint, knowing that he had a load of cocaine; (3) Molina had physical possession over the cocaine at some point; and (4) Amador-Galvan and Molina intended to distribute the cocaine, after it passed through the border inspection. Thus, the district court did not err in denying Molina's Rule 29(a) motion for judgment of acquittal.
 
 VI. Molina's Motion for a New Trial
 
 31
 Defendant Molina contends that because he has "newly discovered evidence," the district court erred in denying his Rule 33 Motion for New Trial.
 
 
 32
 A motion for a new trial based on newly discovered evidence must show due diligence on the part of the movant to discover the evidence. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986); United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985). In addition, the evidence must be material to the issues involved, not merely cumulative or impeaching, and must indicate that a new trial probably would produce an acquittal. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986); United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985).
 
 
 33
 We review the district court's denial of a motion for new trial on the ground of newly discovered evidence for abuse of discretion. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986).
 
 
 34
 The district judge did not abuse his discretion in denying Molina's motion for a new trial. First, Molina did not make any showing why he could not obtain this evidence before trial. He does not show why he was unable to interview Teran, or any other inspectors at the port of entry on the date of the seizure, before trial. His failure to discover this evidence appears to have been due to his own lack of diligence, rather than unavailability or "newness" of the evidence. Second, Molina has not made any showing that this evidence "would probably produce an acquittal," as required by Steel and Lopez. The district court heard Teran's testimony. It weighed his credibility and the relevance of his proposed testimony. Thus, the district court was well within its discretion in denying Molina's motion for new trial.
 
 
 35
 VII. Admission of Campos' Pretrial Photo Identification of
 
 Amador-Galvan
 
 36
 Both defendants contend the district court erred in admitting evidence that Customs Inspector Campos identified defendant Amador-Galvan out of an impermissibly suggestive photo lineup.
 
 
 37
 Although it is unsettled whether we review de novo the constitutionality of pretrial identification procedures, United States v. Givens, 767 F.2d 574, 580 (9th Cir.1985), or whether we review only for abuse of discretion, United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989), we uphold the district court's ruling under either standard of review.
 
 
 38
 The trial court may admit identification evidence (1) if the identification procedure was not unduly suggestive; or (2) even if it was unduly suggestive, if it was nonetheless reliable under the totality of the circumstances. United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991).
 
 
 39
 The pretrial identification procedure in the instant case was not unduly suggestive. See United States v. Carbajal, 956 F.2d 924, 929 (9th Cir.1992) (photo spread was not impermissibly suggestive, even where the defendant was the only person in the lineup who wore a wig and had discernible bruises on his face); United States v. Bagley, 772 F.2d 482, 491-493 (9th Cir.1985) (one man showup at bank with the defendant handcuffed and surrounded by law enforcement officials within an hour and a half of the robbery was suggestive, but not impermissibly so). In the instant case, the district court noted, and Amador-Galvan conceded, that the fact that Campos recognized two of the men did not preclude Campos from identifying one of them as the driver.
 
 
 40
 Even if the identification procedures were unduly suggestive, the identification evidence was nonetheless reliable under the totality of the circumstances. In considering whether an identification is reliable, we consider: (1) the witness' opportunity to observe the suspect at the time of the crime; (2) the witness' degree of attention at that time; (3) the accuracy of any prior description given by the witness; (4) the level of certainty at the confrontation; and (5) the length of time between the crime and the identification confrontation. Neil v. Biggers, 409 U.S. 188, 199 (1972). We find that under Neil v. Biggers, Customs Inspector Campos' identification of Amador-Galvan was reliable. The district court did not err in admitting this evidence.
 
 CONCLUSION
 
 41
 The rulings of the district court are AFFIRMED as to its refusal to sever Amador-Galvan's trial from that of codefendant Molina's; admission of physical evidence obtained from Molina's residence pursuant to a search warrant; admission of Molina's statements describing the driver of the Ford LTD; refusal to instruct the jury on the "overt act" requirement for conspiracy; denial of Molina's motions for judgment of acquittal and new trial; and admission of Campos' pretrial photo identification of Amador-Galvan.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3