23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paula I. HESS, Petitioner-Appellant,
v.
Christine MONEY, Warden, Respondent-Appellee.
 No. 93-4395.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1994.
 
 Before: MARTIN, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Paula I. Hess, a pro se Ohio prisoner, appeals a district court judgment denying her petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Additionally, she requests the appointment of counsel and leave to proceed on appeal in forma pauperis. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). We also note that this court has allowed Hess to proceed as a pauper in this appeal.
 
 
 2
 In 1991, Hess was convicted by a Sandusky County, Ohio, jury of one count of rape and three counts of the lesser included offense of sexual battery. The victim was Hess's thirteen year old daughter. Hess's co-defendant was found guilty of four counts of rape. On May 9, 1991, Hess was sentenced to consecutive terms of ten to twenty-five years of imprisonment for rape and two years of imprisonment for each count of sexual battery. Hess's convictions were affirmed on appeal.
 
 
 3
 On May 11, 1993, Hess filed the petition that forms the basis of this appeal. She asserted the following grounds for relief:
 
 
 4
 1. Petitioner was denied due process of law by the ineffective assistance of appellate counsel in her direct appeal as of right by appellate counsel's failure to raise in the petitioner's direct appeal issues which would have resulted in a reversal of the petitioner's convictions, or an order for a new trial.
 
 
 5
 2. The petitioner was denied due process of law and a fair trial by inconsistent verdicts when the petitioner was found guilty of sexual battery as an aider and abettor while the petitioner's co-defendant was found guilty of the principal offenses of rape based upon the same evidence.
 
 
 6
 3. The petitioner was denied due process of law because the evidence upon which she is convicted is insufficient to prove every element of the offenses beyond a reasonable doubt.
 
 
 7
 4. Petitioner was denied due process of law and a fair trial by the state's failure to respond to petitioner's motion for Bill of Particulars and providing information which the state did in fact have but did not produce to the petitioner.
 
 
 8
 The district court determined that all of Hess's claims lacked merit and denied the habeas petition on November 24, 1993.
 
 
 9
 On appeal, Hess reasserts claims two, three and four above. She also states in paragraph 3 of her appellate brief that "[i]n reference to the 156 "other acts" introduced by the prosecution, the Appellant believes that the proper law which should have been utilized is the decision in State v. Herbert [8 N.E.2d 840 (Ohio App.1936) ]."
 
 
 10
 Initially, we note that Hess appears to have abandoned her ineffective assistance of appellate counsel claim on appeal; therefore, it will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 11
 Upon review, we affirm the district court's judgment because Hess has not shown that she was denied a fundamentally fair trial. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 12
 Hess's claim that her convictions for sexual battery were inconsistent with her codefendant's convictions for rape is unavailing. The Ohio Court of Appeals considering Hess's inconsistent convictions claim found that, under state law, the jury could plausibly find Hess guilty of the lesser included offense of sexual battery even though the jury found her codefendant guilty of rape. The federal courts are bound on issues of state law by decisions of an intermediate state appellate court unless convinced that the highest state court would decide the issue differently. Olsen v. McFaul, 843 F.2d 918, 929 (6th Cir.1988). This court is not convinced that the Supreme Court of Ohio would decide the issue differently.
 
 
 13
 Furthermore, a conviction for aiding and abetting does not require that the principal be tried and convicted, or even that the principal be identified. United States v. Mann, 811 F.2d 495, 497 (9th Cir.1987). Indeed, an aider and abettor's conviction may be upheld even if the principal is acquitted of the underlying offense. Standefer v. United States, 447 U.S. 10, 20 (1980); see also Ohio Rev.Code Ann. Sec. 2923.03(B); State v. Graven, 369 N.E.2d 1205 (Ohio 1977).
 
 
 14
 We cannot conclude that the evidence, viewed in the light most favorable to the prosecution, is so lacking that no rational trier of fact could have reached a verdict of guilty. Jackson v. Virginia, 443 U.S. 307, 324 (1979); Neal v. Morris, 972 F.2d 675, 677-78 (6th Cir.1992). The evidence is clearly capable of allowing a rational trier of fact to conclude that Hess was guilty of aiding and abetting rape and sexual battery.
 
 
 15
 Hess was not denied due process nor a fair trial by reason of the State's alleged failure to respond to Hess's motion for a bill of particulars. The Ohio Court of Appeals made a factual finding that Hess's trial counsel acknowledged the existence and receipt of a bill of particulars. The Ohio Appellate Court's statement as to this fact is presumed correct as Hess has not shown by convincing evidence that this fact is erroneous. Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Levine v. Torvik, 986 F.2d 1506, 1514 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993).
 
 
 16
 Finally, Hess's argument regarding the evidence of 156 "other acts" introduced during her trial is not properly before this court as that specific argument was not presented to the district court in the first instance. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances warrant addressing this argument now.
 
 
 17
 Accordingly, the request for counsel is denied, the request to proceed in forma pauperis is denied as moot, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.