29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Romulo Balladares ORTIZ, Defendant-Appellant.
 No. 91-10616.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1994.
Decided July 22, 1994.
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and BROWNING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Romulo Balladares Ortiz appeals from his conviction for bank fraud, under 18 U.S.C. Sec. 1344 (1988), and aiding and abetting in the misapplication of bank funds, under 18 U.S.C. Sec. 656 (1988) (misapplication of bank funds) and 18 U.S.C. Sec. 2 (1988) (aiding and abetting). Specifically, he contends that the district court erred by failing to instruct the jury that in order to convict Ortiz of aiding and abetting misapplication of bank funds, it was required to find that Lester Kukuk, the "traditional principal," intended to defraud Bank of America. In addition, Appellant contends that insufficient evidence existed to convict on either count. Appellant failed to raise any of these issues at trial. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231 (1988), and we have jurisdiction to review pursuant to 28 U.S.C. Sec. 1291 (1988). For the following reasons, we affirm Appellant's conviction on both counts.
 
 
 4
 I. Whether the Jury Instruction was Plain Error.
 
 
 5
 The district court's formulation of jury instructions is reviewed for abuse of discretion. United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991). The inquiry is "whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations." Id. Whether a jury instruction misstates elements of a statutory crime, however, is a question of law subject to de novo review. United States v. Mann, 811 F.2d 495, 496-97 (9th Cir.1987) (citing United States v. Douglass, 780 F.2d 1472, 1475 (9th Cir.1986)). Appellant admits he did not object to the jury instruction. Accordingly, this Court reviews the effect of the challenged instruction for plain error. United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993).
 
 
 6
 Plain error is a highly prejudicial error affecting substantial rights. United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1598 (1992). "Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986). Improper jury instructions will rarely justify a finding of plain error, id. at 1367-68, and we may reverse Ortiz's conviction for plain error only if the district court's omission "so affected the jury's ability to consider the totality of the evidence fairly that it tainted the verdict and deprived [Ortiz] of a fair trial." United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992).
 
 
 7
 The Supreme Court has recently clarified the standard to be employed when conducting plain error review. United States v. Olano, --- U.S. ----, 113 S.Ct. 1770 (1993). The Court emphasized that " 'a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " Id. at 1776 (quoting Yakus v. United States, 321 U.S. 414, 444 (1944)).
 
 
 8
 In order to reverse because of plain error, an appellate court must find that the trial court erred; that the error was plain, or obvious; and that the error "affected substantial rights." Id. at 1776-78. In most cases, to determine whether substantial rights have been affected, the appellate court must inquire whether the defendant was prejudiced by the error. Id. at 1778.[1] Thus, the inquiry is similar to that employed in conducting a review for harmless error,
 
 
 9
 with one important difference: It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. In most cases, the Court of Appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial. See [United States v.] Young, 470 U.S. , [ ] 17, n. 14 [ ] [ (1985) ] ("[F]ederal courts have consistently interpreted the plain-error doctrine as requiring an appellate court to find that the claimed error ... had [a] prejudicial impact on the jury's deliberations").
 
 
 10
 Id.
 
 
 11
 In the instant case, the trial judge based the jury instruction in question on the statutory definition found in 18 U.S.C. Sec. 656.[2] Although the statute fails to mention intent to defraud, the Government concedes that intent to defraud has been held to be an element of a Sec. 656 violation. See United States v. Unruh, 855 F.2d 1363, 1367 (9th Cir.1987) cert. denied, 488 U.S. 974 (1988); United States v. Adamson, 700 F.2d 953, 957 n. 5 (5th Cir.1983) ("courts almost uniformly have judicially imposed the element of intent to injure or defraud;" omitted from statute by oversight), cert. denied, 464 U.S. 833 (1983).
 
 
 12
 The trial court's jury instruction on misapplication of bank funds misstated the law because it did not include an element of the offense. Therefore, it was constitutional error. Sandstrom v. Montana, 442 U.S. 510, 524 (1979). Whether it was reversible error, because the jury instructions taken as a whole were inadequate or misleading, or because it constituted plain error, is subject to further analysis. See, e.g., United States v. Davis, 15 F.3d 902, 909 (9th Cir.1994).
 
 
 13
 The Government contends that the flawed instruction is not reversible error for two reasons. First, the Government argues that because both counts involved the same set of facts, and because the jury was instructed that it must find intent to defraud in order to convict Ortiz of bank fraud, the requisite intent was established. Having found that Ortiz had the intent to defraud, the Government argues, it was unnecessary to find that the "traditional principal," Lester Kukuk, had an intent to defraud in order to convict Ortiz of aiding and abetting the Sec. 656 violation. See United States v. Fairchild, 990 F.2d 1139, 1141-42 (9th Cir.1993) (guilty knowledge of traditional principal not required to prove aiding and abetting of 18 U.S.C. Sec. 1001), cert. denied, --- U.S. ----, 114 S.Ct. 266 (1993). Second, the Government argues that even if the intent of the traditional principal was at issue, the jury instruction provided sufficient guidance because it required the jury to find that Kukuk had "willfully misapplie[d]" bank funds.
 
 
 14
 Appellant argues that the Government was required to prove that Kukuk acted with intent to defraud in order to convict Appellant of aiding and abetting. He relies on the language of 18 U.S.C. Sec. 2(b) to distinguish Fairchild. 18 U.S.C. Sec. 2(b) provides:
 
 
 15
 Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.
 
 
 16
 18 U.S.C. 2(b) (emphasis added).
 
 
 17
 Fairchild involved 18 U.S.C. Sec. 1001, which makes it a crime to knowingly submit a false statement to a federal agency. Fairchild was president of a company which contracted to provide plastic bags to the federal government. 990 F.2d at 1140. Fairchild caused the bags to be packed by weight, rather than number, knowing that this did not comply with the government contract, and then refused to sign statements verifying that each shipment was in compliance with the contract terms. Id. An owner of the company ordered another employee, Kagel, to sign the required statements. Id.
 
 
 18
 The court held that Fairchild was properly convicted of filing false certificates. Id. This result falls squarely within the mandate of Sec. 2(b): Fairchild was guilty of aiding and abetting because he caused another (Kagel) to commit an act which if committed by him (Fairchild) would be an offense against the United States. Fairchild had guilty knowledge, and if he had signed the forms he would have committed a crime. In Fairchild, therefore, the state of mind of the traditional principal was irrelevant. Id. at 1141.
 
 
 19
 In the instant case, in contrast, Sec. 656 requires that the offender have the status of a bank employee. Ortiz did not have that status. Thus, Appellant argues, it was a legal impossibility for Ortiz to cause "an act to be done which if committed by him" (Ortiz) would be a violation of Sec. 656. Ortiz could be convicted of aiding and abetting Sec. 656 only by application of the second prong of 18 U.S.C. 2(b): Causing "an act to be done which if directly performed by ... another (Kukuk)" would be a violation of Sec. 656. Therefore, Appellant argues, only Kukuk's intent to defraud is relevant.
 
 
 20
 The Ninth Circuit has not addressed whether proof of an aider and abettor's intent is sufficient to convict when the underlying charge requires proof of special status and specific intent.[3] Other circuits have struggled with this issue. Compare, e.g., United States v. Ruffin, 613 F.2d 408, 412-15 (2d Cir.1979) (intent of traditional principal not required to cause violation of Economic Opportunity Act) with United States v. Giordano, 489 F.2d 327, 330 (2d Cir.1973) (intent of traditional principal required to cause Sec. 656 violation). We need not decide this issue today, however, because under either approach, reversal is not required.
 
 
 21
 If the reasoning in Fairchild applies, Appellant's intent to defraud is all that is required to convict on aiding and abetting. The jury found Ortiz to have an intent to defraud when it convicted him of bank fraud. Even if Appellant is correct, however, that the Government was required to prove Kukuk's intent to defraud, the jury instruction did not constitute plain error.
 
 
 22
 The jury was instructed that it was required to find that Kukuk misapplied bank funds in order to convict Ortiz of aiding and abetting. To determine whether Kukuk violated Sec. 656, the jury was instructed to consider whether Kukuk "embezzle[d], abstract[ed], purloin[ed] or willfully misapplie[d]" bank funds. In addition, the jury was instructed to consider Kukuk's intent to defraud under a theory that Ortiz aided and abetted Kukuk in committing bank fraud. Indeed, at trial, Ortiz argued that Kukuk alone was engaged in fraudulent activity, with Ortiz acting only as an unwitting dupe in Kukuk's scheme.
 
 
 23
 Evidence supporting Kukuk's willfull misapplication of bank funds included a pattern of deception which precluded discovery of Kukuk's handling of Ortiz's accounts, a pattern which continued through Kukuk's final day on the job. Thus, the jury was required to consider the same evidence it would have considered to determine whether Kukuk had an intent to defraud. See Davis, 15 F.3d at 909. That evidence was sufficient to establish beyond a reasonable doubt that Kukuk harbored the requisite intent. See id. Therefore, this is not a case in which there is a "high probability that the error materially affected the verdict." United States v. Anguino, 873 F.2d 1314, 1319 (9th Cir.1989), cert. denied, 493 U.S. 969 (1989). Appellant has failed to show prejudice resulting from the flawed jury instruction, see Olano, 113 S.Ct. at 1778, and we will not reverse.
 
 
 24
 II. Whether Evidence was Insufficient to Convict on Aiding and Abetting Misapplication of Bank Funds.
 
 
 25
 Appellant contends that insufficient evidence existed to convict him of aiding and abetting because insufficient evidence existed to prove that Kukuk misapplied bank funds. Evidence is sufficient to support a verdict if we find that, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Appellee argues that because Ortiz failed to address sufficiency of the evidence at trial by proper motion, he has waived any right to raise the issue now. Brief of Appellee at 23 (citing United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990); United States v. Harden, 846 F.2d 1229, 1232 (9th Cir.1989), cert. denied, 488 U.S. 910 (1988)). Appellant contends that the plain error standard applies.
 
 
 26
 Under either approach, Appellee prevails. A rational jury could have found that Kukuk misapplied bank funds, and so could have found Ortiz guilty of aiding and abetting. See Jackson, 443 U.S. at 319. Kukuk's actions circumventing overdraft statements in the fall of 1989 are especially persuasive of Kukuk's intent to defraud. Moreover, a trier of fact is entitled to infer an intent to defraud from a bank employee's reckless disregard of a bank's interest. United States v. Castro, 887 F.2d 988, 994 (9th Cir.1989). As noted above, Appellant's defense at trial was premised on Kukuk's culpability. Ample evidence supports Ortiz's conviction for aiding and abetting.
 
 
 27
 III. Whether Evidence was Insufficient to Convict on Bank Fraud.
 
 
 28
 Appellant further contends that insufficient evidence existed to convict him of bank fraud. Ortiz failed to raise this issue at trial as well. Again, we need not decide whether Defendant waived his right to appeal by failing to object, because even if the appeal is proper, the argument lacks merit.
 
 
 29
 Ortiz argues that the bank knew of his actions and tacitly approved. At trial, however, the Government presented evidence that Ortiz knew that Kukuk was not following bank procedures; that the bank did not approve, and "wrote up" Kukuk when it initially learned of his practices; and that, thereafter, Kukuk concealed Appellant's activities from the bank. A rational jury could convict. Appellant has failed to meet his burden on insufficiency of the evidence.
 
 IV. Conclusion
 
 30
 Appellant has failed to meet his burden of showing that the trial court plainly erred in instructing the jury, or that evidence was insufficient to convict. Accordingly, the verdict below is AFFIRMED.
 
 
 31
 REINHARDT, Circuit Judge, specially concurring:
 
 
 32
 I concur in the result. The error in the jury instructions, to which the defendant did not object below, does not warrant the exercise of our discretion to correct it. See United States v. Olano, --- U.S. ----, 113 S.Ct. 1770, 1778-79 (1993).
 
 
 
 *
 The Honorable William D. Browning, Chief United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Court acknowledged that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome." Id. (declining to address the issue). Even if this special category exists, however, it is unlikely that failure to instruct on an element of a crime is always plain error, based on the Supreme Court's analysis of errors which are subject to harmless error review. Although some errors are never harmless, and so not subject to a harmless error review, see, e.g., Sullivan v. Louisiana, --- U.S. ----, 113 S.Ct. 2078 (1993), failure to instruct a jury on an essential element of a crime may be harmless beyond a reasonable doubt. Pope v. Illinois, 481 U.S. 497, 503 at n. 7 (1987). If violation of a right properly challenged at trial is subject to harmless error review, it would be inconsistent to hold that violation of that same right, forfeited by a failure to object, would always be plain error. See United States v. Hien Hai Hoac, 990 F.2d 1099, 1109 (9th Cir.1993) (harmless error cannot be plain error), cert. denied, --- U.S. ----, 114 S.Ct. 1975 (1994)
 
 
 [2]
 The challenged jury instruction provided:
 Section 656 of Title 18 of the United States Code annotated provides in part that whoever, being an officer, director, agent, or employee of, or connected in any capacity with any federal reserve bank, member bank or insured bank embezzles, abstracts, purloins or willfully misapplies any of the monies, funds or credits of such bank or branch, or any monies, funds, assets or securities entrusted to the custody or care of such bank or branch shall be guilty of an offense against the laws of the United States.
 
 
 [3]
 Appellant relies on Mann, 811 F.2d at 496-97 (conviction for aiding and abetting possession of "device-making equipment" reversed because instruction omitted fraudulent intent element required for conviction on the underlying charge). Mann, however, timely objected to the instruction, which was therefore subject to harmless error review. Appellee relies heavily on United States v. Jones, 425 F.2d 1048, 1056 (9th Cir.1970) (failure to instruct that a named principal must be convicted before an aider and abettor can be culpable not plain error where jury was informed that "someone must have committed the crime charged"). Here, however, Appellant contends that the jury instructions were insufficient to show that anyone committed the crime. Thus, the instant case is distinguishable from both Mann and Jones