[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14362
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60012-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE BENTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Bentley pleaded guilty to robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and possession and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), after an armed robbery of a jewelry store.  He now argues on appeal that (1) the district court abused its discretion in denying his motion to withdraw his guilty plea as to Count Two, and (2) his 262-month total sentence is substantively unreasonable.  We affirm in part and dismiss in part.

## I.

### A.

Bentley first argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea as to Count Two, the § 924(c) charge for possession and brandishing of a firearm in furtherance of a crime of violence.  We review the denial of a request to withdraw a guilty plea for abuse of discretion.  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).  There is no abuse of discretion unless the denial is arbitrary or unreasonable.  Id.

After a district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if he can demonstrate "a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  To make this determination, the district court should consider the totality of the circumstances surrounding the plea, including (1) "whether the plea was knowing and voluntary,"

2

(2) "whether close assistance of counsel was available,"  (3) "whether judicial resources would be conserved," and (4) "whether the government would be prejudiced."  United States v. Buckles, 843 F.2d 469, 471–72 (11th Cir. 1988).

To determine whether a guilty plea is knowing and voluntary, the district court must address the defendant in open court and meticulously follow the provisions for such a colloquy set forth in Rule 11 of the Federal Rules of Criminal Procedure.  United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986) (per curiam).  Ultimately, a guilty plea is knowing and voluntary if it satisfies the three core concerns underlying Rule 11, which are that: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea."  United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999) (quotation marks omitted).

Bentley has not shown that the district court abused its discretion in denying his motion to withdraw his guilty plea as to Count Two.  To begin, the record, as it currently stands, demonstrates that Bentley entered his plea knowingly and voluntarily.[1]  Specifically, the plea agreement detailed the statutory penalties

---

[1] Bentley also argues that his plea was not knowing and voluntary, and that he failed to understand its consequences, because of his counsel's advice.  Where, as here, the factual record underlying an ineffective assistance of counsel claim has not been developed, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion."  United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010).  We therefore express no opinion about whether Bentley's allegations about his counsel's advice may later

associated with his offenses, including that "the sentence imposed on Count 2 must run consecutive to the sentence imposed on Count 1."  In response to the district court's queries during the Rule 11 colloquy, Bentley confirmed that he read the plea agreement, discussed it with counsel, and assented to its terms voluntarily and free of coercion.  The district court asked Bentley if he understood the two charges against him, asked the government to set forth the elements of the offenses, inquired into the steps Bentley's counsel took to advise him of the elements of the charges, and confirmed Bentley's agreement with the factual proffer.  Bentley said he understood the two charges against him and agreed that his counsel had gone over the indictment with him, as well as the charges of the crime, the police reports, and all the evidence the government would present if the case were to go to trial.[2]  The district court also confirmed Bentley's understanding of the consequences of pleading guilty, including sentencing, the appeal waiver, and his alternative right to go to trial with appointed counsel.

The record also shows that Bentley received the "close assistance of counsel" at each pertinent stage of the proceedings, including the change-of-plea

---

support an ineffective assistance of counsel claim.

[2] Bentley now argues that because the indictment charged him as a principal, rather than an aider and abettor, with respect to the § 924(c) offense in Count Two, he did not adequately understand the nature of the charge.  However, the indictment specifically listed 18 U.S.C. § 2, the federal aiding and abetting statute.  Beyond that, because it is not an independent substantive offense, "[a]iding and abetting need not be specifically alleged in the indictment."  United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984).

hearing.  See Buckles, 843 F.2d at 471–72.  In particular, Bentley said at the change-of-plea hearing that he fully discussed the charges with his attorney and that he was satisfied with the representation and advice he was given.  He also agreed with his attorney's statement to the court that they had gone over the indictment, the charges of the crime, the police reports, and other evidence.  And he said that he and his attorney discussed the terms of the plea agreement and how the Sentencing Guidelines might apply.  We therefore conclude that the district court's denial of Bentley's motion to void his plea was not arbitrary or unreasonable.[3]

## B.

Bentley also claims that there was an insufficient factual basis to support his § 924(c) conviction.  Principally, he argues on appeal that the factual basis was inadequate because he did not personally possess or use a firearm, nor did he facilitate the use of the firearm by his confederate.  "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant

---

[3] Where, as here, the first two factors outlined in Buckles favor denying the motion to withdraw the plea, we do not "give particular attention" to the remaining two.  See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

was guilty." United States v. Frye, 402 F.3d 1123, 1128 (11th Cir. 2005) (citation omitted).[4]

The Supreme Court recently held that to establish a violation of § 924(c) the government "makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Rosemond v. United States, __ U.S. __, __, 134 S. Ct. 1240, 1243 (2014). Applying Rosemond to this case, Bentley does not contest that he participated in the underlying violent crime, here a robbery. As a result, Bentley's principal argument—that he did not personally use or facilitate the use of a firearm—is foreclosed by Rosemond. See id. at 1246–47.

The closer question, and one not well developed by the parties' briefs, is whether the factual proffer presented the district court with evidence from which it could reasonably find that Bentley had advance knowledge that a confederate would use or carry a gun during the robbery. See id. at 1248–50. We know from the factual proffer that codefendant Anton Watkins brandished a firearm upon

---

[4] The requirement that the district court determine that there is a factual basis for a plea protects "a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." Frye, 402 F.3d at 1128. For that reason, "[e]ven valid waivers do not bar a claim that the factual basis [proffered during the Rule 11 hearing] is insufficient to support the plea." United States v. Hildenbrand, 527 F.3d 466, 474 (5th Cir. 2008); see also United States v. Adams, 448 F.3d 492, 497 (2d Cir. 2006) (noting that despite an appeal waiver "a defendant retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty, and he may argue that the district court failed to satisfy the requirement that there is a factual basis for the plea" (quotation marks omitted)).

entering the store.  Bentley "then proceeded to smash the glass display counters with an axe."  After placing the jewelry from the broken display into a backpack, Bentley "exited the store several times during the robbery and placed the stolen jewelry into a black Mercedes parked outside."

Based on these facts and circumstances, to which Bentley voluntarily admitted to during his plea colloquy and in the written factual proffer, the district court could reasonably find that Bentley intended to aid in an armed robbery, not just a robbery, especially because he "continue[d] to participate in [the robbery] after a gun was displayed or used by a confederate."  Id. at 1250 n.9.  We emphasize that Rosemond requires that "the § 924(c) defendant's knowledge of a firearm must be advance knowledge" to afford the defendant a sufficient opportunity "to make the relevant legal (and indeed, moral) choice" beforehand to alter the plan or withdraw.  Id. at 1249.  Because of Bentley's continued participation in the robbery after Watkins brandished the gun, this is not a case where the defendant "knows nothing of a gun until it appears at the scene . . . [after he] completed his acts of assistance."  Id.  Nor has Bentley argued that he did not have a "realistic opportunity to quit the crime" by the time the gun appeared.  Id.  We therefore reject Bentley's challenge to the factual basis of his plea.

II.

Bentley also argues that his 262-month total sentence is substantively unreasonable because the district court abused its discretion in denying his downward variance request.  The government argues that this challenge is barred by the appeal waiver in the plea agreement.  We agree.

We review <u>de novo</u> the validity of a sentence appeal waiver.  <u>United States v. Johnson</u>, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver must be made knowingly and voluntarily.  <u>Id.</u>  The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record otherwise makes clear that the defendant understood the full significance of the waiver.  <u>Id.</u>

With these legal principles in mind, we conclude that Bentley's sentencing challenge is barred by the appeal waiver.  As discussed above, he knowingly and voluntarily entered the plea agreement, including the appeal waiver provision.  The district court specifically reviewed the appeal waiver provision with Bentley at the change-of-plea hearing and confirmed that he understood its terms and effect.  The narrow exceptions to the appeal waiver, expressly noted in the agreement and by the district court at the change-of-plea hearing, are not applicable here.  Bentley's 262-month total sentence was not the result of an upward departure or variance from the uncontested guideline range of 262- to 327-months imprisonment and it

8

does not exceed the statutory maximum term of life imprisonment.  18 U.S.C. § 924(c)(1)(A).  Nor has the government filed an appeal.

Because Bentley's sentencing challenge is barred by the appeal waiver, we dismiss his sentencing claims on these grounds.

**AFFIRMED IN PART, DISMISSED IN PART.**