[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11420
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20525-DMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN LOUIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 19, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jean Louis appeals his convictions for filing a false, fictitious, and fraudulent income tax return, in violation of 18 U.S.C. §§ 2 and  287, and wire fraud, in violation of 18 U.S.C. §§ 2 and 1343.  He argues that the district court erred in failing to grant his motion for judgment of acquittal because the government failed to present sufficient evidence of his "intent" or "knowledge" to sustain his convictions, as his codefendant was the "driving force" in the offense and he was simply an "unknowing dupe."  He also contends that the district court erred in denying his motion to suppress his post-arrest statements because he did not sufficiently understand the English language to voluntarily waive his *Miranda*[1] rights.  Finally, he argues that the district court erred by failing to grant his request for a recess to obtain the transcript of a witness's testimony at a prior trial for impeachment purposes.

## I.

We review *de novo* a challenge to the denial of a Federal Rule of Civil Procedure 29 motion for a judgment of acquittal based on sufficiency-of-the-evidence grounds.  *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir.), *cert. denied*, 134 S.Ct. 145 (2013).  Arguments raised for the first time on appeal, however, are reviewed for plain error.  *See United States v. Hunerlach*, 197 F.3d 1059, 1068-69 (11th Cir. 1999) (noting that plain-error

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

review applies even when a defendant moved for judgment of acquittal on sufficiency-of-the-evidence grounds but failed to articulate at that time the specific sufficiency-of-the-evidence claim later raised on appeal). After the Government's case in chief, Louis argued that judgment of acquittal should be granted, specifically because the Government failed to identify Louis as the "Louis" identified by the witnesses in this case. On appeal, he argues that he lacked knowledge or intent and that Duverger was the one that committed the crimes. Therefore, his specific arguments on appeal regarding insufficient evidence are reviewed for plain error. To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the government's favor, and affirm the conviction if, based on the evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Caper*s, 708 F.3d at 1296-97. "The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the

3

evidence presented at trial," but when the evidence is only circumstantial, reasonable inferences must support the conviction, not mere speculation. *Id.* at 1297 (citation omitted).

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). Under § 2, aiding and abetting is not a separate federal crime, "but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984). A defendant can be properly convicted as a principal even when he has not personally committed all of the acts constituting the elements of the substantive crime. *Id.* Thus, to convict under a theory of aiding and abetting, the government must prove that: (1) the substantive offense was committed by someone; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission. *United States v. Tagg*, 572 F.3d 1320, 1324 (11th Cir. 2009).

To sustain a conviction for the substantive offense of making a false claim to the government under § 287, the government must prove: "(1) the [d]efendant knowingly presented a false claim against the United States to an agency of the United States; (2) the claim was based on a false or fraudulent material fact; and (3) the [d]efendant acted intentionally and knew that the claim was false and

4

fraudulent." Eleventh Cir. Pattern Jury Instructions (Criminal Cases), Offense Instruction 11.2 (2010).

To establish wire fraud pursuant to § 1343, the government has to prove beyond a reasonable doubt that the defendant: (1) intentionally participated in a scheme to defraud; and (2) used the interstate wires in furtherance of that scheme. *United States v. Robertson*, 493 F.3d 1322, 1331 (11th Cir. 2007).

The district court did not plainly err in denying Louis's motion for judgment of acquittal because the government presented sufficient evidence for a jury to find Louis guilty of filing a false tax return and wire fraud either as a principal or under an aiding-and-abetting theory. First, the government presented sufficient evidence to sustain convictions of the substantive offenses charged in the indictment. As to his filing a false, fictitious, or fraudulent tax return charge under § 287, Louis does not challenge that a false or fraudulent claim was presented to the government, but rather only challenges that he did not present the claim "intentionally" or "knowingly." Although Louis suggests that he was not the tax preparer and was unaware that Duverger filed the false or fraudulent tax return in his name, sufficient evidence established that Louis acted intentionally and knew that his claim was false and fraudulent. Detective Fagan testified that Louis admitted to the police that he had prepared the tax return and that Duverger had only helped him. Louis stated that the income was from his business, rather than from Warner

5

Brothers Distribution Company, which was indicated as his employer on the return, and admitted that $9.8 million may have been slightly inflated. Thus, a jury could have reasonably concluded that Louis filed the return and that he knew it was false. *Caper*s, 708 F.3d at 1297. A reasonable jury also could have found that Louis was more than an "unknowing dupe" in the fraud scheme because evidence showed that he had incorporated JLL Multi Services, opened the Citibank account in his business's name, lied to Citibank concerning that account, lied to the police about the source of the $600,000 deposit to the account, and began to attempt to withdraw money immediately after the tax refund had been deposited. Granting the government all reasonable inferences, this evidence was sufficient for a reasonable jury to find that Louis knowingly participated in the scheme to defraud the IRS. *Capers*, 708 F.3d at 1296-97.

The trial evidence also sufficiently supported a wire fraud conviction under § 1343. On appeal, Louis does not challenge the existence of wire fraud scheme or that the scheme included the use of interstate wires, but rather argues that he did not "intentionally" participate in the scheme and that he did not have knowledge of Duverger's wire communications or "the equipment capable of filing such returns" electronically. His arguments are unavailing. As discussed above, the evidence at trial was sufficient to establish that Louis intentionally participated in the scheme to defraud the IRS, establishing the first element of the offense. *Robertson*, 493

6

F.3d at 1331.  Also, the standard does not require knowledge or proof that the defendant had the equipment to electronically file tax returns, but rather requires that the defendant simply used the interstate wires in furtherance of that scheme. *Robertson*, 493 F.3d at 1331.  The evidence showed that the tax return was filed electronically, and that Louis admitted that he filed it, sufficiently establishing the second element of the offense.  *Robertson*, 493 F.3d at 1331.

Moreover, the evidence also was sufficient for the jury to convict Louis of aiding and abetting Duverger in committing the offenses.  Louis's argument that Duverger "was the driving force in this matter" is irrelevant, because the government was not required to prove that Louis himself committed the substantive crimes under an aiding-and-abetting theory, and the government presented sufficient evidence for a jury to conclude that Lewis intended to aid Duverger in the criminal scheme, as discussed above.  *Tagg*, 572 F.3d at 1324.

II.

We review a district court's denial of a motion to suppress as a mixed question of law and fact.  *United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir. 2014).  We review the district court's factual findings for clear error, and its application of the law to the facts *de novo*.  *Id.*  Facts are construed in the light most favorable to the prevailing party in the district court.  *Id.*

Under the Fifth Amendment, "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. *Miranda* protects a defendant's Fifth Amendment right against self-incrimination by requiring that law enforcement officers advise the defendant subject to custodial interrogation of certain rights and to respect the defendant's invocation of those rights. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1318 (11th Cir. 2010). We conduct a two-part inquiry when determining the admissibility of a post-arrest statement. *Id.* at 1317-18. First, we decide whether the law enforcement officer complied with *Miranda*. *Id.* at 1318. If so, we determine whether the confession was voluntary. *Id.* A defendant may waive his *Miranda* rights if the waiver is made voluntarily, knowingly, and intelligently. *Id.* Voluntariness requires that the waiver must be the result of a free and deliberate choice, rather than intimidation, deception, or coercion. *Id.* The waiver must be made with full awareness of the nature of the rights being waived and the consequences of that decision. *Id.* A court may conclude that a person waived his *Miranda* rights only if the totality of the circumstances demonstrates both a free choice and the requisite level of comprehension. *Id.* A written waiver is usually strong proof of the validity of that waiver. *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979). We have held that, "[i]n determining whether an individual has sufficient comprehension of English to provide voluntary consent [to a vehicle

8

search], courts examine his ability to interact intelligently with the police." *United States v. Zapata*, 180 F.3d 1237, 1242 (11th Cir. 1999) (concluding that consent was voluntary where there was "no evidence that [the defendant] was confused by, or did not understand, any of [the officer]'s questions").

The district court did not err in denying Louis's motion to suppress his post-arrest statements because it properly determined that the interviewing agent's testimony that Louis had stated that he could read, write, and understand English and was comfortable speaking in English, was credible. Viewing that finding in the light most favorable to the government, Louis understood English, and, therefore, the waiver of his *Miranda* rights was voluntary.

## III.

We review the district court's denial of a motion for a continuance for an abuse of discretion. *United States v. Valladares*, 544 F.3d 1257, 1261 (11th Cir. 2008). The denial of a continuance to further investigate the case or a witness must be upheld unless the defendant can show a specific and substantial prejudice. *United States v. Gossett*, 877 F.2d 901, 906 (11th Cir. 1993). To make a showing of specific and substantial prejudice necessary to obtain relief, the defendant must identify something in the record that would indicate the possibility of a different outcome if the continuance had been granted. *Id.*

9

The district court did not abuse its discretion in refusing to grant a recess for Louis to acquire the transcript of a witness's testimony from a prior trial because Louis failed to show that the denial resulted in specific and substantial prejudice, as he cited nothing in the record that indicated the possibility of a different outcome if the recess had been granted.

## IV.

Finally, we independently note that the written judgment contains scrivener's errors because it omits any reference to aiding and abetting under § 2 from each listed offense of conviction.

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm Louis's convictions, but remand for the limited purpose of correcting the scrivener's errors in the written judgment.

**AFFIRMED IN PART, REMANDED IN PART.**