[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10960
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00241-CAP-LTW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 19, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Donald Thomas appeals his convictions, following a jury trial, for six counts

of theft from an organization receiving federal funds, in violation of 18 U.S.C. §

666, six counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of bank fraud, in violation of 18 U.S.C. § 1344. He argues that: (1) the district court abused its discretion when it admitted certain evidence and allowed an auditor to give expert testimony as a lay witness; and (2) the district court erred when it gave an aiding and abetting jury instruction. After careful review, we affirm.

"[W]e review the [d]istrict [c]ourt's evidentiary rulings for clear abuse of discretion." United States v. Dickerson, 248 F.3d 1036, 1046 (11th Cir. 2001). We will reverse "only if the resulting error was not harmless." Id. at 1048 (quotation omitted). An error is harmless where the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict. Id. We also review rulings regarding the admissibility of lay opinion testimony for clear abuse of discretion. United States v. Jayyousi, 657 F.3d 1085, 1102 (11th Cir. 2011). As with other evidentiary rulings, where lay opinion testimony was improperly admitted, we apply a harmless error standard. United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005). "We review whether jury instructions constructively amended the indictment de novo." United States v. Gutierrez, 745 F.3d 463, 473 (11th Cir. 2014). Additionally, we review the sufficiency of the evidence to sustain a jury instruction de novo. United States v. LaFond, 783 F.3d 1216, 1221 (11th Cir. 2015). Jury instructions are subject to

2

harmless error review as well.  United States v. House, 684 F.3d 1173, 1196-97 (11th Cir. 2012) (quotation omitted).

First, we are unpersuaded by Thomas's arguments concerning the admission of hearsay evidence.  Hearsay is a statement, other than one made by the declarant while testifying at trial or at a hearing, that a party offers into evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Hearsay is inadmissible unless it falls into an exception.  Id. 802.  Federal Rule of Evidence 803(6), commonly referred to as the "business records exception," is one such exception to the hearsay rule, and, at the time of Thomas's trial, provided that records of a regularly conducted activity may be admissible if:

> (A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (2013).

"[T]he touchstone of admissibility under [Rule 803(6)] is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence[.]"

3

United States v. Arias-Izquierdo, 449 F.3d 1168, 1183 (11th Cir. 2006) (quotation omitted). "Rule 803(6) requires that both the underlying records and the report summarizing those records be prepared and maintained for business purposes in the ordinary course of business and not for purposes of litigation." Id. at 1183-84. In particular, we have held that computer generated business records are admissible if they are: (1) "kept pursuant to some routine procedure designed to assure their accuracy," (2) "created for motives that would tend to assure accuracy (preparation for litigation, for example, is not such a motive)," and (3) not "mere accumulations of hearsay or uninformed opinion." United States v. Glasser, 773 F.2d 1553, 1559 (11th Cir. 1985) (emphasis omitted). We have upheld the admission of improperly admitted evidence where it was admissible under a different rule of evidence, and the admission under either exception served the same purpose. United States v. Jacoby, 955 F.2d 1527, 1535-36 (11th Cir. 1992).

Federal Rule of Evidence 1006 provides that "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. However, the underlying evidence on which the summary or chart is based must be otherwise admissible. See id.

Thomas claims that the district court abused its discretion when it admitted Exhibit 100 into evidence, because Exhibit 100 did not qualify as a business record

4

and instead was created solely in anticipation of litigation. While we agree with Thomas that Exhibit 100 should not have been admitted as a business record, Arias-Izquierdo, 449 F.3d at 1183; Glasser, 773 F.2d at 1559, we nevertheless conclude that any such error was harmless.  As the record reveals, this exhibit was admissible under Rule 1006, which was the alternate exception put forth by the government, and the admission under either exception served the same purpose. Jacoby, 955 F.2d at 1535-36.  Furthermore, the data in Exhibit 100 was an extract of a larger report which was admitted as Exhibit 101, without objection.  Thus, "the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." Dickerson, 248 F.3d at 1046.

We also find no merit in Thomas's argument that the district court abused its discretion and violated Federal Rule of Evidence 701 when it allowed an auditor to give expert testimony as a lay witness.  A non-expert witness may give opinion testimony as a lay witness if the opinion is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701. Subsection (c) was added to Rule 701 in 2000 in order to eliminate the risk that Rule 701 would be used to avoid the reliability requirements of Rule 702.  Fed. R.

Evid. 701, Advisory Committee Notes (2000).  However, the 2000 amendments were not intended to prevent lay witnesses from giving lay opinion testimony.  Id.

Rule 702 governs the testimony of expert witnesses.  Fed. R. Evid. 702. This rule provides that an expert witness may testify to his opinion if:  (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) the testimony "is based on sufficient facts or data" and is the "product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case." Id.

The determination of whether testimony was properly admitted as lay opinion is based upon the nature of the testimony, not whether the witness could have been qualified as an expert.  United States v. LeCroy, 441 F.3d 914, 927 (11th Cir. 2006).  The requirement that a lay witness's opinion be rationally related to his perception is satisfied where his perception is based on a review of relevant documents, both in and not in evidence.  Jayyousi, 657 F.3d at 1102-03.  The witness's opinion must be based on his rational perception of the reviewed information, and the witness must not "merely deliver[] a jury argument from the witness stand" based on inferences drawn from facts already in evidence.  Id. at 1103.  Further, we've recognized that testimony from a lay witness "based upon their particularized knowledge garnered from years of experience within [a

6

particular] field," is not prohibited by Rule 701(c).  United States v. Hill, 643 F.3d 807, 841 (11th Cir. 2011) (quotation omitted).

In this case, the auditor's testimony met all of the requirements of Rule 701. As the record reveals, the testimony was rationally based on his personal investigation and review of the relevant documents in this case, it was helpful to the jury in giving context to the fraud scheme which spanned several years, and it was not based on any technical, scientific, or particularized knowledge.  Thus, the district court did not abuse its discretion when it permitted the auditor to testify as a lay witness.

Finally, we reject Thomas's jury instruction claim.  A "fundamental principle stemming from [the Fifth Amendment] is that a defendant can only be convicted for a crime charged in the indictment," as "[i]t would be fundamentally unfair to convict a defendant on charges of which he had no notice."  United States v. Keller, 916 F.2d 628, 633 (11th Cir. 1990).  A constructive amendment to the indictment occurs when the jury instructions modify the elements of the offense charged to a degree that a jury may have convicted the defendant on a ground not alleged in the indictment.  United States v. Behety, 32 F.3d 503, 508 (11th Cir. 1994).  To decide if an indictment was constructively amended, we look at whether the prosecutor's actions or the court's instructions, "viewed in context," literally or effectively expanded the indictment.  Id. at 508-09.

The former Fifth Circuit has held that, where an indictment failed expressly to charge a defendant with aiding and abetting, the district court did not err in giving an aiding and abetting instruction since aiding and abetting "is an alternative charge in every count, whether explicit or implicit, and . . . one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." United States v. Walker, 621 F.2d 163, 166 (5th Cir. 1980);[1] accord United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) ("Aiding and abetting need not be specifically alleged in the indictment; assuming the evidence supports it, the accused can be convicted of aiding and abetting so long as the jury is instructed on it").

Here, the district court did not err when it gave the aiding and abetting jury instruction.  Under our clear case law, the indictment was not constructively amended in violation of the Fifth Amendment when the district court gave the aiding and abetting instruction, even though aiding and abetting was not charged in the indictment.  Martin, 747 F.2d at 1407; Walker, 621 F.2d at 166.  Further, contrary to Thomas's argument, there was sufficient evidence to support the instruction.  Thomas's main defense at trial was that his wife committed these crimes, which when coupled with the evidence presented at trial -- that she worked where he did, that it was possible that she could have logged in remotely if she

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

knew Thomas's passwords, that she was a signatory on each of the three bank accounts which received the stolen funds, and that she had a total of $17,000 in checks written out to her personally from these accounts -- supported the aiding and abetting instruction.

**AFFIRMED**.