[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11190
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00140-PGB-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEANINE JEANTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 10, 2019)

Before TJOFLAT, WILSON and HULL, Circuit Judges.

PER CURIAM:

Jeanine Jeanty, along with her brother, Jean Jeanty, her father, Jacques Jeanty,  and her employer, Samuel Belizaire, were indicted for participation in a scheme that entailed stealing names and social security numbers; using that information (along with false income information) to apply for tax refunds; and collecting the refund checks at addresses that Jeanine Jeanty or another conspirator owned or controlled.[1] The jury convicted her on all charges,[2] and the district court sentenced her to a total of 236 months' imprisonment.[3]

She appeals her convictions and total sentence.  She challenges her convictions on the grounds that the evidence was insufficient to convict and that the district court's erred in instructing the jury on deliberate ignorance because the government had not provided facts establishing that she was deliberately indifferent to the offenses she was allegedly committing.  She appeals her total sentence as substantively unreasonable because it was above the Guidelines sentence range.

---

[1] The indictment contained eight counts.  Conspiracy, in violation of 18 U.S.C. § 371, to steal property from the United States, in violation of 18 U.S.C. § 641 (Count One); stealing property from the United States, in violation of 18 U.S.C. §§  641 and 2 (Counts Two through Six); and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (b) and (2) (Counts Seven and Eight).

[2] Jean Jeanty and Belizaire plead guilty to Count One.  Jacques Jeanty was not apprehended until after Jeanine Jeanty's trial.

[3] The district court sentenced Jeanty to prison terms of 60 months on Count One; 120 months on each of Counts Two through Five consecutive to the Count One term; eight months on Count Six consecutive to the Counts One through Five terms; and 24 months on each of Counts Seven and Eight consecutive to each other and the terms imposed on the previous counts.

I.

We review a challenge to the sufficiency of the evidence *de novo* to "determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008). The evidence is viewed in the light most favorable to the government, and all reasonable inferences and credibility determinations are drawn in favor of the verdict. *United States v. Simpson*, 228 F.3d 1294, 1299 (11th Cir. 2000). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). We make "no distinction . . . between the weight given to either direct or circumstantial evidence," but "[w]here the [G]overnment relies on circumstantial evidence, reasonable inferences, and not mere speculation, must support the jury's verdict." *United States v. Isnadin*, 742 F.3d 1278, 1303 (11th Cir. 2014) (quotation marks omitted) (alterations in original).

To prove conspiracy under 18 U.S.C. § 371, the government must show (1) the existence of an agreement to achieve an unlawful goal, (2) the defendant willingly and knowingly participated in the conspiracy, and (3) the defendant committed an overt act in furtherance of the conspiracy. *United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1385 (11th Cir. 2011).

3

To support a conviction under 18 U.S.C. § 641, the government must prove that (1) the money or property belonged to the government, (2) the defendant fraudulently appropriated the money or property to her own use or the use of others, and (3) the defendant did so knowingly and willfully with the intent to either temporarily or permanently deprive the owner of the use of the money or property. *United States v. McRee*, 7 F.3d 976, 980 (11th Cir. 1993) (*en banc*).

A person commits aggravated identity theft when she "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" in relation to a violation of 18 U.S.C. § 641. 18 U.S.C. § 1028A(a)(1).

Under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, "but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984). Thus, to convict under a theory of aiding and abetting, the government must prove that: (1) the substantive offense was committed by someone; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission. *United States v. Tagg*, 572 F.3d 1320, 1324 (11th Cir. 2009).

If, as here, the defendant testifies on her own behalf, she risks the jury concluding the opposite of her testimony is true. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Statements made by the defendant may be considered

4

as substantive evidence of guilt if the jury disbelieves it.  *Id.*  If there is some corroborative evidence of guilt for the charged offense, and the defendant testifies on her own behalf, her testimony denying guilt may, by itself, establish the elements of the offense.  *Id.* at 314-315.  This is especially true where the offense includes subjective elements, such as intent or knowledge.  *Id.* at 315.

The government presented sufficient evidence for the jury to convict Jeanty on all counts beyond a reasonable doubt.  The evidence showed that J&J Multi Services' and J&W Consultant Company's bank accounts were mostly funded by fraudulent tax refund checks; those tax refund checks were mailed to addresses on fraudulent tax returns that were connected with Jeanty and others associated with her; intended beneficiaries of the checks, or their spouses and guardians, had no knowledge of the tax returns or tax refund checks; Jeanty and others associated with her ran fraudulent check cashing operations; and Jeanty and others associated with her drew funds from J&J Multi Services' and J&W Consultant Company's bank accounts for the purchase of properties and cash withdrawals.  Although Jeanty testified and denied any knowledge of the fraudulent scheme, the jury was free to conclude that the opposite of what she said was true.  Thus, viewed in the light most favorable to the government, a jury could reasonably conclude that Jeanty committed the charged offenses, including conspiracy to steal money from the United States for her own use or the use of others.

II.

A challenge to a jury instruction presents a question of law, which we review *de novo*. *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993). "A deliberate ignorance instruction is appropriate only when there is evidence in the record showing the defendant purposely contrived to avoid learning the truth." *Stone*, 9 F.3d at 937 (quotation marks omitted). However, we "need not determine whether the evidence of deliberate ignorance was nonexistent, insufficient, or sufficient to support the instruction" when evidence of actual knowledge is sufficient to support a guilty verdict. *Id.* Moreover, we have stated that a deliberate ignorance instruction that states the proper legal standard is harmless error, because, by its own terms, the deliberate ignorance instruction does not apply if there is insufficient evidence to prove deliberate ignorance beyond a reasonable doubt and, thus, there is no reason to believe that a jury convicted a defendant on a deliberate ignorance theory for which there was insufficient evidence. Id. at 941-42.

The district court did not err in giving a deliberate ignorance instruction. First, we are not required to determine whether the government introduced some or no evidence of deliberate ignorance because the government presented sufficient evidence to establish that Jeanty had actual knowledge of a conspiracy to steal money from the United States. Given that corroborating evidence, Jeanty's

6

testimony could, by itself, establish the elements of the offense, including her knowledge.  Second, even if the district court erred in giving the deliberate ignorance instruction, the error was harmless because the district court's instruction stated the proper legal standard for the jury to apply.

### III.

We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016).  We ordinarily expect, without presuming, that a sentence within the guidelines range is reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence well below the statutory maximum term of imprisonment "is an indicator of a reasonable sentence."  *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the [18 U.S.C.] § 3553(a) factors, which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide medical care in the most effective manner.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable

7

guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

Moreover, this Court deems an issue raised in an appellate brief abandoned when the party makes only passing or conclusory references regarding the error without offering substantive argument on it. *United States v. Morales*, 893 F.3d 1360, 1372 (11th Cir. 2018) (concluding that the defendant abandoned his substantively unreasonable sentence claim because he only included "a single conclusory sentence [about the claim] at the end of his brief without any supporting arguments or authority").

Jeanine Jeanty abandoned her claim because she did not provide supporting arguments or authority for why her total sentence was substantively unreasonable because it was 48 months above the Guidelines sentence range. Even if she had not abandoned her claim, she has not met her burden of proving that her 236-month's sentence was unreasonable. The district court added an additional terms of 48 months for Counts Seven and Eight to the terms imposed on Counts One through Six on finding that the total 236-month's sentence was appropriate and not greater than necessary, and well below the 708-month's statutory maximum term of imprisonment.

8

For the foregoing reasons, Jeanine Jeanty's convictions and total sentence are

**AFFIRMED.**