[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12930

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN JERMAINE THOMAS,
a.k.a. Webbie,
a.k.a. JT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 5:21-cr-00033-JA-PRL-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Jonathan Jermaine Thomas appeals his convictions for conspiracy to possess with the intent to distribute controlled substances, possession of a firearm in furtherance of a drug-trafficking conspiracy, and possession with intent to distribute 400 grams or more of a substance containing fentanyl.  On appeal, he raises three arguments.  First, he asserts that the district court erred by instructing the jury on the alternative charge of aiding and abetting the possession of a firearm in furtherance of a drug-trafficking conspiracy.  Second, he contends that the district court plainly erred by determining that the government's closing remarks did not violate his right to a fair trial.  Third, he argues that the evidence was insufficient to support his conviction for possession of a firearm in furtherance of a drug-trafficking conspiracy.  After careful review, we affirm.

The facts are known to the parties, and we repeat them here only as necessary to decide the case.

## I.

Thomas first challenges the jury instructions on his charge of aiding and abetting the possession of a firearm in furtherance of a drug-trafficking conspiracy.  In particular, he argues that the district court should never have instructed on that charge because

prosecutors (1) failed to list the aiding and abetting charge in his superseding indictment and (2) did not mention the charge at trial.

We review the legal correctness of a jury instruction de novo and review questions of phrasing for abuse of discretion. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). We will reverse the conviction on such grounds only if the district court presented the issues of law inaccurately or improperly guided the jury in a significant matter that violated the defendant's due process rights. *Id.*

Aiding and abetting is a means of holding a defendant guilty as a principal on the ground that he assisted someone else in the commission of an offense. *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984). To be clear, though, it is not a separate crime—only a separate ground of liability. *Id.* The main aiding and abetting statute under federal law is 18 U.S.C. § 2. That statute provides that an individual may be punished as a principal if he "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission," or "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States." *Id.* § 2 (a)–(b). Under our case law, the government does not need to specifically allege aiding and abetting in the indictment for the district court to instruct the jury on the charge. *Martin*, 747 F.2d at 1407.

Applying these straightforward legal principles, we conclude that Thomas's challenge to the aiding and abetting jury instruction fails. Even though the government did not specifically charge

Thomas with aiding and abetting, our case law is clear: An aiding and abetting instruction is allowed even when the government does not indict on that particular count. *Id.*[1]

## II.

Thomas next argues that prosecutors called him an "idiot" during their closing argument and thus violated his right to a fair trial. Typically, we review de novo a claim of prosecutorial misconduct during closing arguments. *United States v. House*, 684 F.3d 1173, 1197 (11th Cir. 2012). When a defendant fails to object at trial, though, we review the statements for plain error. *United States v. Mueller*, 74 F.3d 1152, 1157 (11th Cir. 1996). To show plain error, the defendant must show that (1) there was an error, (2) that is plain, (3) the error affected the defendant's substantial rights, and (4) it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (quotation marks omitted). During their closing argument, it is improper for prosecutors to exceed the evidence presented at trial. *United States v. Reeves*, 742 F.3d 487, 505 (11th Cir. 2014). That said, they may state conclusions drawn from the trial evidence and fairly respond to defense counsel's arguments. *Id.* Closing arguments prejudice a defendant's substantial right when "a reasonable probability arises that, but for the [improper]

---

[1] It is worth noting that the superseding indictment did, in fact, list 18 U.S.C. § 2 among the statutes violated. This fact further demonstrates that Thomas had adequate notice of the charges against him and that the jury instructions were not improper.

remarks, the outcome of the trial would have been different." *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).

As a threshold matter, we review the alleged statements at issue in this case for plain error because Thomas did not object to them at trial. *See Mueller*, 74 F.3d at 1157. Thomas focuses on the fact that the government called him an "idiot" during its closing remarks. But the context of the "idiot" remark in question undercuts the force of his argument. During his closing argument, Thomas's lawyer argued that Thomas was innocent because the government did not find material on his phone showing him holding guns and drugs. In response, the government explained it could not uncover such evidence because Thomas was "not a complete idiot." Put another way, the government was merely pointing out that a clever individual might take some steps to conceal criminal activity. The district court reasonably determined this statement was fairly responding to the defense counsel's arguments. *Reeves*, 742 F.3d at 505. And, even if the remark was somehow "improper," we find no reason to conclude that "but for" the government's "idiot" comment, "the outcome of the trial would have been different." *Eckhardt*, 466 F.3d at 947.

## III.

Finally, Thomas argues the evidence at trial was insufficient to support his conviction for possessing a firearm in furtherance of a drug distribution conspiracy. When a defendant challenges the sufficiency of the evidence supporting a conviction and is denied a Rule 29 motion for judgment of acquittal, we review the district

court's determination de novo. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). While doing so, we view the evidence in the light most favorable to the government and make all reasonable inferences and credibility choices in favor of the jury's verdict. *Id.*

Like many criminal cases before it, a key source of evidence in this case is witness testimony. We will not upset a jury's decision to credit a witness's testimony unless the testimony is "incredible as a matter of law". *United States v. Isaacson*, 752 F.3d 1291, 1304 (11th Cir. 2014). For testimony to be incredible as a matter of law, it must concern "facts that the witness physically could not have possibly observed" or events impossible "under the laws of nature." *Id.* (quotation marks omitted).

Because Thomas moved for judgment of acquittal at trial, we review his sufficiency of the evidence challenge de novo. *See Gamory*, 635 F.3d at 497. Under that standard, we conclude the government presented sufficient evidence for the jury to convict Thomas for possessing a firearm in furtherance of a drug distribution conspiracy. For instance, one witness testified that Thomas routinely carried a pistol while delivering drugs. Another said he saw Thomas deliver and sell drugs and that Thomas routinely carried a firearm in his pocket. Notably, the jury found both witnesses' testimonies credible. Given the substance of the testimony, we determine that the defendant's actions described by the witnesses were physically observable to them, and none of the

conduct detailed by the testimony is impossible under the laws of nature. *Isaacson*, 752 F.3d at 1304.

★   ★   ★

To sum up, Thomas has failed to show (1) that the district court's jury instructions on the aiding-and-abetting charge violated his due process rights, (2) that the government's "idiot" remark prejudiced his right to a fair trial, or (3) that the witness testimony presented in this case is insufficient to support his conviction.

**AFFIRMED.**